# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-87

| | |
|---|---|
| ZLOOP, INC., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| E RECYCLING SYSTEMS, LLC AND | ) |
| JAMES CUNNINGHAM A/K/A JIM | ) |
| CUNNINGHAM, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**BEFORE THE COURT** is Defendant E Recycling Systems, LLC ("ERS") and James Cunningham's Motion to Dismiss (Doc. 18), to which Zloop, Inc. ("Zloop") has responded, (Doc. 20). Defendants have filed a Reply to Zloop's Response, (Doc. 21).

An extensive discussion of the factual background of the instant matter is unnecessary. Zloop, LLC purchased recycling equipment from ERS. (Doc. 1-1, at 2; Doc. 1-2, at 2). However, Zloop, Inc. is instituting the current action alleging facts and circumstances involving the Zloop, LLC – ERS transaction. Defendants claim that Zloop, Inc. is a foreign party to the contract and therefore the current action must be dismissed.

At the outset, the Court notes that the parties have filed public records from both the North Carolina Secretary of State and Delaware Secretary of State. The Court judicially notices such documents for the purpose of this 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cnty Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).[1]

---

[1] Neither party has objected to the propriety of considering these documents. Although the conversion is not evident on the face of the complaint, the Court judicially notices such documents. *Butler v. Wells Fargo Bank, N.A.*, No.

1

The Court will now recite the corporate history of Zloop. In July 2012, Zloop was formed as a Delaware limited liability company ("LLC"). Zloop, LLC filed for a Certificate of Authority to do business in North Carolina during the same month. (Doc. 19-2). On March 26, 2014, Zloop, LLC filed a Certificate of Conversion in Delaware to convert to a Delaware corporation. Specifically, the Certificate of Conversion allowed Zloop to "chang[e] its name from 'Zloop, LLC' to 'Zloop, Inc.'" (Doc. 20-1, at 2). On March 31, 2014, Zloop, Inc. was duly incorporated under the laws of Delaware. (Doc. 20-2, at 5).[2] On April 7, 2014, Zloop, Inc. filed and was granted a Certificate of Authority by the North Carolina Secretary of State. (Docs. 20-2, 20-3). On the same day, Zloop, LLC filed a Notice of Withdrawal "by reason of merger." (Doc. 20-4).[3]

I. Standard of Review

Defendants originally brought their motion under 12(b)(6) and Zloop treated it as such. (Docs. 18, 20). However, Defendants' Reply indicates that the motion is being brought pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to the fact that Zloop allegedly does not have standing.[4]

---

CIV.A. MJG-12-2705, 2013 WL 145886, at *1 (D. Md. Jan. 11, 2013) (taking judicial notice of court filings, even thought not specifically referenced in complaint). Judicial notice is especially warranted here given that no party will be prejudiced because Defendants may still bring a 12(c) motion involving other bases for dismissal.

[2] Notably, the Secretary of State of Delaware provided that "Zloop, Inc." was incorporated in Delaware in July of 2012. (Doc. 20-2, at 5).

[3] There appears to be some dispute as to what method Zloop used to withdraw. However, the Court finds that such dispute is immaterial.

[4] Defendants also move to dismiss pursuant to Rule 17. Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "[A] real party in interest is one that possesses the right to enforce the claim and has a significant interest in the litigation under North Carolina law." *Murray v. Callaway Golf Sales Co.*, No. 3:04CV274, 2006 WL 2192707, at *1 (W.D.N.C. Aug. 1, 2006) (quoting *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973)). North Carolina law provides that "a real party in interest is a party who is benefited or injured by the judgment in the case." *American Oil Co. v. AAN Real Estate, LLC*, 754 S.E.2d 844, 846 (N.C. 2014) (quoting *Woolard v. Davenport*, 601 S.E.2d 319, 323 (N.C. Ct. App. 2004)). North Carolina appears to use standing in the same manner as the real party in interest concept. *Id.* (a motion to dismiss for standing implicates the real party in interest requirement). Therefore, the Court will do the same.

A plaintiff, in order to establish standing at the motion to dismiss stage, must plausibly allege that:

> (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;
> (2) the injury is fairly traceable to the challenged action of the defendant; and
> (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Liberty Univ., Inc. v. Lew*, 733 F.3d 72, 89 (4th Cir.) *cert. denied sub nom. Liberty Univ. v. Lew*, 134 S. Ct. 683 (2013). Challenges to standing are generally brought under 12(b)(1) for lack of subject matter jurisdiction. *Payne v. Chapel Hill N. Properties, LLC,* 947 F. Supp. 2d 567, 572 (M.D.N.C. 2013) (citing *CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011)).

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal where the court lacks jurisdiction over the subject matter of the action. A party "may challenge subject matter jurisdiction in one of two ways." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The first way is to argue "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In this type of facial challenge, the non-movant receives procedural protection akin to a motion under 12(b)(6) in that all allegations are taken as true. *Id.* The second way to challenge subject matter is to argue that the allegations of the non-movant are not true. *Id.*

Since this challenge is under the first method, the Court will discuss the protections given under Rule 12(b)(6). Under a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-movants favor, *Ibarra v. United States*,

120 F.3d 472, 474 (4th Cir. 1997). This requirement applies only to facts, not legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 500 U.S. at 555, 570; *see Iqbal*, 556 U.S. at 662. Under *Iqbal*, the court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth (i.e., conclusory allegations, bare assertions amounting to nothing more than a "formulaic recitation of the elements"). Second, it determines whether the factual allegations, which are accepted as true, "plausibly suggest an entitlement to relief." 556 U.S. at 681.

II. Whether Zloop, Inc. May Institute the Current Action

Section 265 of Title 8 of the Delaware Code allows a limited liability company ("LLC") to convert to a Delaware corporation. Specifically, the statute provides that:

> When an other entity has been converted to a corporation of this State pursuant to this section, the corporation of this State shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the converting other entity. When any conversion shall have become effective under this section, for all purposes of the laws of the State of Delaware, all of the rights, privileges and powers of the other entity that has converted, and all property, real, personal and mixed, and all debts due to such other entity, as well as all other things and causes of action belonging to such other entity, shall remain vested in the domestic corporation to which such other entity has converted and shall be the property of such domestic corporation and the title to any real property vested by deed or otherwise in such other entity shall not revert or be in any way impaired by reason of this chapter . . . . The rights, privileges, powers and interests in property of the other entity, as well as the debts, liabilities and duties of the other entity, shall not be deemed, as a consequence of the conversion, to have been transferred to the domestic corporation to which such other entity has converted for any purpose of the laws of the State of Delaware.

4

Del. Code Ann. tit. 8, § 265(f) (2014). The statute further provides that

> Unless otherwise agreed for all purposes of the laws of the State of Delaware or as required under applicable non-Delaware law, the converting other entity shall not be required to wind up its affairs or pay its liabilities and distribute its assets, and the conversion shall not be deemed to constitute a dissolution of such other entity and shall constitute a continuation of the existence of the converting other entity in the form of a corporation of this State.

Del. Code Ann. tit. 8, § 265(g) (2014). The statute plainly provides for a change in corporate form that (1) amounts to a continuation of the former entity and (2) does not constitute a dissolution, merger, or a transfer of assets.[5]

Defendants argue that the conversion only allowed Zloop, Inc. to acquire "ZLOOP, LLC's rights and liabilities, "for [ ] purposes of the laws of the State of Delaware." (Doc. 21, at 2) (quoting 8 Del. Code Ann., tit. 8, § 265(f)). Defendants argue that because the contracts were substantially performed in North Carolina, then Zloop, LLC must have converted into a North Carolina Corporation to sue under the contract in dispute. (*Id.*).[6] At issue is the meaning of the phrase "for all purposes of the laws of the State of Delaware" in the context of these two statutes.

Zloop's existence is predicated upon the existence of Delaware's corporation statutes. A corporation's existence depends on the state law that allows its creation. *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 89 (1987). "It thus is an accepted part of the business landscape in this country for States to create corporations, to prescribe their powers, and to define the rights that are acquired by purchasing their shares." *Id.* at 91.

---

[5] The Court notes that North Carolina has a substantially similar method to convert to a domestic North Carolina corporation. *See* N.C. Gen. Stat. §§ 55-11A-01 to -04.
[6] Taking Defendants' argument to its logical conclusion, if Zloop had been a larger entity it would have had to convert under every single state in which it had contracts to retain its rights. This alone warrants ruling against Defendants with regard to this issue.

ERS signed a contract with an entity known as "Zloop, Inc." What "Zloop, Inc." is or means must be determined from the laws of Delaware because they govern its existence.[7] Therefore, when, according to the laws of Delaware, "Zloop, Inc." means "Zloop, LLC" then "Zloop, LLC" will be a proper party to the current lawsuit and have standing to sue on the contract.

Defendants posit that the case of *American Oil Co., Inc. v. AAN Real Estate, LLC*, 754 S.E.2d 844 (N.C. Ct. App. 2014) compels a different conclusion. In *American Oil*, AAN Real Estate, LLC was a party to a lease with an entity known as "American Oil Group." *Id.* at 845. An entity named "American Oil Company, Inc." filed a complaint against AAN alleging breach of the lease agreement. *Id.* The Court of Appeals found that "American Oil Company, Inc." was "neither a corporation existing within [North Carolina] currently nor at the time the amended complaint was filed." *Id.* at 846. The Court found that "American Oil Company, Inc." was an unincorporated entity and that it did not allege the location of its certification to do business under an assumed name pursuant to N.C. Gen. Stat. § 1-69.1(a)(3). Therefore, dismissal was appropriate for failure to comply with the statute. *Id.* As a separate holding, the Court stated that dismissal was appropriate because the complaint did not show that "American Oil Company, Inc." was "in privity of contract with [American Oil Group] or a beneficiary of any kind to the lease." *Id.* Given that that there were no facts linking the two parties, the Court found that the complaint did not show that American Oil Company, Inc. suffered an injury because of the alleged breach. The Court found that either defect warranted dismissal on a lack of standing. *Id.* at 846-47.

---

[7] This would result under North Carolina law. Courts in North Carolina interpret a contract according to the parties' intent at the time of execution and the plain meaning of provisions may provide such intent. *State v. Philip Morris USA Inc.*, 618 S.E.2d 219, 225 (N.C. 2005). ERS entered into contracts with "ZLOOP, LLC, a limited liability company organized and existing under the laws of the State of Delaware." (Doc. 1-1, at 2; Doc. 1-2, at 2). The parties plainly indicated that that the laws of Delaware governed the existence of Zloop.

At the outset, Defendants do not advance that N.C. Gen. Stat. § 1-69.1(a)(3) governs. It is clear that "Zloop, LLC" differs from "Zloop, Inc." But that does not end the inquiry. While the Court did not find any factual linkage between the two entities in *American Oil*, this Court has already judicially noticed documents evidencing such a linkage here. This Court finds that this factual distinction is determinative.[8]

The Court finds that case of *Purina Mills, L.L.C. v. Less*, 295 F. Supp. 2d 1017 (N.D. Iowa 2003) persuasive. In the *Purina* case, Purina Mills, L.L.C. instituted a breach of contract action. *Id.* at 1024. The Defendants asserted that Purina Mills, L.L.C. was not the proper party to be instituting the action because their agreement was made with Purina Mills, Inc. *Id.* at 1027. Purina pointed out that it had converted from a corporation to an LLC pursuant to Del. Code Ann. tit. 6, § 18-214 (2014), a similar statute to the one at issue. The Court accepted the assertion that "Purina Mills, L.L.C. obtained the rights, privileges, and obligations of Purina Mills, Inc. under the Agreement upon the conversion of Purina Mills from a corporation to a limited liability company." *Id.* at 1028; *see also Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 496 (E.D. Pa. 2012) (entity that converted to LLC under Delaware law was real party in interest that consented to removal, no other entity existed that had interest in litigation) *aff'd,* 724 F.3d 337 (3d Cir. 2013); *Capital Gold Grp., Inc. v. Nortier*, 176 Cal. App. 4th 1119, 1130, 98 Cal. Rptr. 3d 439, 446 (2009) (entity that converted under Delaware law had capacity to pursue claims after conversion). Therefore, the Court refused to dismiss Purina Mills, L.L.C., even though Purina Mills, Inc. signed the agreement. 295 F. Supp. 2d at 1028. Zloop, like Purina Mills, validly converted under Delaware law. Therefore, Zloop, Inc. has all "rights,

---

[8] The Court believes that allowing a dismissal due to a change in corporate structure would amount to elevating form over substance. *See Cent. Wyoming Law Associates, P.C. v. Denhardt*, 836 F. Supp. 793, 799 (D. Wyo. 1993) *vacated as moot,* 60 F.3d 684 (10th Cir. 1995).

7

privileges, and obligations" of Zloop, LLC under the Zloop, LLC – ERS agreement. There is no other entity that has an interest in the contract.

III.     The Remainder of Defendants' Motion Will Not be Considered

The remainder of Defendants' motion to dismiss involves factual content that is not available from the face of the complaint. Specifically, Defendants posit that notice requirements or consent requirements of the contracts at issue may not have been complied with. The Court will hear such arguments if raised at summary judgment because a Plaintiff may plead conditions precedent generally. Fed. R. Civ. P. 9(c).

IV.     Defendants Must Answer

Plaintiff claims that Defendants must answer the complaint if the motion is denied. In the original motion to dismiss, Defendants attempted to reserve the right to bring a separate motion to dismiss. (Doc. 18, ¶ 18). Defendants' attempted reservation is denied.

Rule 12(g) generally limits successive motions to dismiss. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Rule 12(h)(2) excepts from this general rule of waiver any 12(b)(6) defenses raised in (1) the answer, (2) a motion under 12(c), and (3) a motion made at trial. *See* Fed. R. Civ. P. 12(h)(2). Under the plain meaning of the rules, Defendants must now answer and then bring a 12(c) motion if they see fit. *See Taylor v. Bettis*, 976 F. Supp. 2d 721, 734 n. 5 (E.D.N.C. 2013) (there is nothing untoward about filing a Rule 12 motion, answering, and then bringing a motion under 12(c)).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **DENIED.**

Signed: December 9, 2014

Richard L. Voorhees
United States District Judge